EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DERRICK LEE , an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Riverside - Riverside Historic Courthouse 4050 Main St., Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):* CVRI2401422 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| DATE: *(Fecha)* 03/15/2024 | Clerk, by *(Secretario)* Courtney Flores  C. Flores | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com Services LLC
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☒ other *(specify):* Corp. Code 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Riverside on 03/15/2024 03:22 PM
Case Number CVRI2401422 0000087079849 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

1  Michael J. Jaurigue (SBN 208123)
   S. Sean Shahabi (SBN 204710)
2  Osmundo Arguello (SBN 323154)
   **JAURIGUE LAW GROUP**
3  300 West Glenoaks Boulevard, Suite 300
   Glendale, California 91202
4  Telephone:  818.630.7280
   Facsimile:  888.879.1697
5  service@jlglawyers.com
   michael@jlglawyers.com
6  sean@jlglawyers.com
   ozzie@jlglawyers.com
7
   *Attorneys for Plaintiff*
8  Derrick Lee

9

10               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11                            **RIVERSIDE COUNTY**

12  DERRICK LEE, an individual            Case No.  CVRI2401422

13              Plaintiff,                **COMPLAINT**

14        v.                              1.  Disability Discrimination in Violation of Cal.
                                              Gov. Code. § 12900 *et seq*. ("FEHA")
15  AMAZON.COM SERVICES LLC; and Does 1   2.  Failure to Provide Reasonable
    through 50, inclusive,                    Accommodations in Violation of FEHA
16                                         3.  Failure to Engage in Good Faith Interactive
              Defendants.                      Process in Violation of FEHA
17                                         4.  Retaliation in Violation of FEHA under
                                              12940(m)(2)
18                                         5.  Failure to Prevent Discrimination, Harassment
                                              and/or Retaliation in Violation of FEHA
19                                         6.  Wrongful Termination in Violation of Public
                                              Policy
20
                                          **DEMAND FOR JURY TRIAL**
21

22

23

24

25

26

27

28

                            COMPLAINT

1        1.      Plaintiff Derrick Lee (hereinafter, referred to as "Plaintiff"), individually, brings this action

2    against Defendants Amazon.Com Services LLC and Does 1 through 50, inclusive (hereinafter, referred

3    to collectively as "Defendants") as follows:

4                                            ***PARTIES***

5        2.      Plaintiff is, and at all times relevant to this action was, a resident of Riverside County,

6    California.

7        3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants

8    Amazon.Com Services LLC is a limited liability company organized under the laws of the State of

9    California.

10       4.      Defendants Amazon.Com Services LLC at all times relevant herein, was and is conducting

11   business in the state of California at 1010 W 4th St 2076, Beaumont CA 92223.

12       5.      At all times relevant herein, Plaintiff was employed by Defendants in the County of

13   Riverside, CA at 1010 W 4th St 2076, Beaumont CA 92223.

14       6.      Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and

15   therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants

16   Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known

17   to Plaintiff.

18       7.      Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this

19   Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of

20   each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the

21   things herein alleged, and, at all times, was acting within the course and scope of such agency,

22   employment, partnership, joint venture, or concert of action.

23       8.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the

24   Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of

25   the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

26   other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every

27   one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of

28   Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was

1    conducted.

2        9.      Plaintiff is further informed and believes and thereon alleges that all Defendants acted

3    pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should

4    have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of

5    all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things

6    alleged herein.

7        10.     Plaintiff makes the allegations in this complaint without any admission that, as to any

8    particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all

9    of Plaintiff's rights to plead in the alternative.

10                              ***JURISDICTION AND VENUE***

11       11.     The amount of damages sought herein is greater than $25,000; hence this case is within the

12   unlimited jurisdiction of this Court.

13       12.     At all times relevant herein, Plaintiff was a resident of the County of Riverside, California.

14       13.     This Court has jurisdiction over Amazon.Com Services LLC because at all times relevant,

15   it is and was authorized to transact, and is transacting business in Riverside County, California.

16       14.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts,

17   events, and omissions complained of herein occurred in Riverside County, California.

18       15.     Plaintiff has exhausted all of the administrative requirements for proceeding with

19   his/her/their claims under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900,

20   *et seq.* (the "FEHA")  by timely filing an administrative complaint against Defendants with the California

21   Civil Rights Department ("CRD") on or around March 12, 2024, and receiving a Notice of Case

22   Closure/Right-to-Sue Letter dated March 12, 2024. Attached hereto as **Exhibit 1** is a true and correct copy

23   of Plaintiff's CRD administrative complaint.  Attached hereto as **Exhibit 2** is a true and correct copy of

24   Plaintiff's CRD Notice of Case Closure/Right-to-Sue letter.

25                              ***GENERAL ALLEGATIONS***

26       16.     Defendants hired Plaintiff in the position of Fulfillment Associate on or around July 4,

27   2021, on an hourly non-exempt employee basis. At all times relevant herein, Plaintiff worked for

28   Defendants at the packing and shipping warehouse located at 1010 West Fourth Street, Beaumont, CA

                                              3

1  92223.

2       17.    In or around August 2021, Plaintiff's preexisting medical condition worsened due to the

3  physical labor at Defendants.

4       18.    Shortly after, Plaintiff turned in his doctor's note to Amazon Human Resources ("HR")

5  and the Amazon Medical Staff in the building where he worked, some of his accommodations consisted

6  of up to three days per week allowed to no-show; rest breaks any time Plaintiff felt dizzy or lightheaded

7  in order to take his medication. Plaintiff went to the medical staff once or twice per day for blood pressure

8  checks and he also mentioned he suffered from severe migraines; the medical staff believed those were

9  induced by Plaintiff's high blood pressure.

10       19.    Plaintiff was sometimes late because he was instructed not to drive until his migraines

11  subsided or until the medication kicked in. Plaintiff called HR and Emergency Amazon Staff ("ERC") to

12  notify them of his health issues that prevented him from being on time.

13       20.    Plaintiff constantly sent his doctor's renewal notes for his accommodations to Human

14  Resources, consequently Plaintiff received a letter stating that his job accommodation was approved from

15  January 12, 2022, to March 13, 2022.

16       21.    In or around November 2021, Plaintiff injured himself while lifting a large box, was sent

17  to Amazon Urgent Care in Moreno Valley, and was assigned light duty; Plaintiff didn't have to lift heavy

18  boxes anymore, but he still had to use his hands, although it was less strenuous.

19       22.    Defendants have a policy that provides for accrual of "negative hours" counted against

20  employees for not showing up to work or showing up late. If an employee accrues enough negative hours,

21  they are automatically terminated. When Plaintiff noticed the accumulating negative hours, he

22  immediately reached out to HR. HR reassured Plaintiff that they were going to take care of it.

23       23.    Defendants allowed Plaintiff to accumulate enough negative hours to cause his termination

24  although Plaintiff had received a letter stating his job accommodation was approved. Defendants knew

25  that Plaintiff had a medical condition that limited his ability to work and that Plaintiff had also suffered

26  an injury at work.

27       24.    On or around March 18, 2022, Plaintiff received a termination letter signed by Amazon

28  Human Resources.

COMPLAINT

1

### FIRST CAUSE OF ACTION

2

#### Disability Discrimination in Violation of FEHA

3

#### (On Behalf of Plaintiff Against All Defendants)

4

25.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

5

26.    Government Code section 12940(a) provides in relevant part:

6

7

8

It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, mental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

9

10

27.    Defendants discriminated against Plaintiff based on Plaintiff's disability and history of disability.

11

12

28.    At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA. Defendants employed Plaintiff.

13

14

29.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

15

16

30.    Plaintiff's disability was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

17

31.    Plaintiff suffered harm when he was discriminated against and discharged by Defendants.

18

32.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

19

20

21

33.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

22

23

24

34.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

25

26

27

28

35.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

5

1   ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against

2   each of said Defendants.

3        36.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

4   fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

5   Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is

6   entitled to an award of reasonable attorneys' fees and costs.

7                             ***SECOND CAUSE OF ACTION***

8             *Failure to Provide Reasonable Accommodations in Violation of FEHA*

9                    *(On Behalf of Plaintiff Against All Defendants)*

10       37.    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

11       38.    Government Code section 12940(m)(1) provides in relevant part:

12              It is an unlawful employment practice. . . (m)(1) [f]or an employer or other
13              entity covered by this part to fail to make reasonable accommodation for
                the known physical or mental disability of an applicant or employee.
14

15       39.    California Code of Regulations, Title 2 section 11068 provides in relevant part:

16              (a) Affirmative Duty. An employer or other covered entity has an
                affirmative duty to make reasonable accommodation(s) for the disability of
17              any individual applicant or employee if the employer or other covered entity
                knows of the disability, unless the employer or other covered entity can
18              demonstrate, after engaging in the interactive process, that the
                accommodation would impose an undue hardship.
19              . . .
                (e) Any and all reasonable accommodations. An employer or other covered
20              entity is required to consider any and all reasonable accommodations of
                which it is aware or that are brought to its attention by the applicant or
21              employee, except ones that create an undue hardship. The employer or other
                covered entity shall consider the preference of the applicant or employee to
22              be accommodated, but has the right to select and implement an
                accommodation that is effective for both the employee and the employer or
23              other covered entity.
24

25       40.    At all times relevant herein Defendants were employers who employed five (5) or more
26   employees and were therefore bound by FEHA.
27       41.    Defendants employed Plaintiff.
28

                                             6
                                      COMPLAINT

42.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

43.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

44.     Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that he would be able to perform the essential job requirements.

45.     Defendants refused to provide reasonable accommodations to Plaintiff. Instead, Defendants terminated Plaintiff for failing to appear for work even though they had approved Plaintiff's accommodation of taking needed absences due to Plaintiff's disability.

46.     Plaintiff suffered harm when he was denied a reasonable accommodation by Defendants.

47.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

48.     As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

49.     As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

50.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agent and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

51.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***THIRD CAUSE OF ACTION***

*Failure to Engage in Good Faith Interactive Process in Violation of FEHA, Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

52.  Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

53.  Government Code section 12940(n) provides in relevant part:

> It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

54.  California Code of Regulations Title 2 section 11069 provides in relevant part:

> (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

55.  At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

56.  Defendants employed Plaintiff.

57.  Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

58.  Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

59.  Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that he would be able to perform the essential job requirements.

60.  Defendants refused to provide a reasonable accommodation to Plaintiff and failed to engage in a good faith interactive process. Instead, Defendants terminated Plaintiff for failing to appear

8

1  for work even though they had approved Plaintiff's accommodation of taking needed absences due to

2  Plaintiff's disability.

3      61.    At all times material to this Complaint, Plaintiff was willing to participate in an interactive

4  process to determine whether reasonable accommodation could be made so that Plaintiff would be able to

5  perform the essential job requirements.

6      62.    Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process

7  with Plaintiff.

8      63.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

9      64.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered

10  and continues to sustain substantial losses in earnings and other employment benefits in an amount

11  according to proof at trial.

12      65.    As a direct and proximate result of the aforementioned misconduct, Plaintiff has suffered

13  humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to

14  proof at trial.

15      66.    The conduct of Defendants and each of them as described above was malicious, fraudulent,

16  or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each

17  of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

18  ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against

19  each of said Defendants.

20      67.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

21  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

22  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is

23  entitled to an award of reasonable attorneys' fees and costs.

24                          **_FOURTH CAUSE OF ACTION_**

25                  _Retaliation in Violation of FEHA, Cal. Gov't Code §12940(m)(2)_

26                      _(On Behalf of Plaintiff Against All Defendants)_

27      68.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth

28  herein.

COMPLAINT

69.     FEHA prohibits an employer from discriminating against or retaliating against an employee for requesting accommodations for a disability.

70.     Defendants are employers bound by FEHA.

71.     Defendants employed Plaintiff.

72.     During Plaintiff's employment with Defendants, Plaintiff suffered from disabilities and requested accommodation as described herein:

73.     Plaintiff's disability limited Plaintiff's ability to participate in major life activities, including work. Plaintiff was able to perform Plaintiff's essential job duties with reasonable accommodation(s) for Plaintiff's disability.

74.     Defendants knew that Plaintiff had a disability, which limited major life activities, including work, and/or treated Plaintiff as if Plaintiff had a disability which limited major life activities, including work.

75.     Plaintiff requested reasonable accommodations for his disabilities, including but not limited to work restrictions. Specifically, Plaintiff requested to take absences from work in order to alleviate from his medical conditions and disabilities.

76.     In violation of the FEHA, Defendants retaliated against Plaintiff because of Plaintiff's requests for reasonable accommodation. On or about March 18, 2022, Defendants terminated Plaintiff's employment.

77.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's requests for reasonable accommodation(s) were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment.

78.     Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were conscious of Plaintiff's right to accommodations in Plaintiff's employment under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

79.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

80.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

81.    As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

82.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

83.    Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

*Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

84.    Plaintiff  incorporates by reference all preceding allegations as though fully set forth herein.

85.    Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination[,] harassment [and/or retaliation] from occurring.

86.    Further, under applicable law, in addition to discrimination and harassment, retaliation is conduct forbidden by the FEHA and actionable under Government Code section 12940(k). *See, Taylor v. City of Los Angeles Dept. of Water & Power* (2006)144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158.

1      87.     Defendants failed to take all reasonable steps necessary to prevent discrimination.

2      88.     Plaintiff suffered and continues to suffer harm as a result of Defendants' failure to prevent

3 discrimination.

4      89.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

5      90.     As a direct and proximate result of Defendants' failure to prevent discrimination, Plaintiff

6 has suffered and continues to sustain substantial losses in earnings and other employment benefits in an

7 amount according to proof at trial.

8      91.     As a direct and proximate result of Defendants' failure to prevent discrimination, Plaintiff

9 has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount

10 according to proof at trial.

11     92.     The conduct of Defendants and each of them as described above was malicious, fraudulent,

12 or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each

13 of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and

14 ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against

15 each of said Defendants.

16     93.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys'

17 fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

18 Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is

19 entitled to an award of reasonable attorneys' fees and costs.

20 ### SIXTH CAUSE OF ACTION

21 *Wrongful Termination in Violation of Public Policy (Tameny)*

22 *(On Behalf of Plaintiff Against All Defendants)*

23     94.     Plaintiff  incorporates by reference all preceding allegations as though fully set forth

24 herein.

25     95.     Plaintiff's termination violates fundamental principles of public policy in that there is a

26 substantial and fundamental policy against terminating employees for unlawful purposes, including on

27 account of disability discrimination.

28     96.     Defendants employed Plaintiff.

COMPLAINT

97.     Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating him due to disability discrimination.

98.     Plaintiff was harmed.

99.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

100.    In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

101.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

102.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

103.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests the following relief:

1.      For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

2.      For an award of punitive damages as allowed by law;

3.      For a declaratory judgment that Defendants has violated California public policy;

4.      For an award of prejudgment and post-judgment interest;

5.      For an award of reasonable attorneys' fees;

6.      For all costs of suit; and

COMPLAINT

1       7.      For an award of any other and further legal and equitable relief as the Court deems just and

2   proper.

3   Dated: March 15, 2024               JAURIGUE LAW GROUP

Michael J. Jaurigue
S. Sean Shahabi
Osmundo Arguello
*Attorneys for Plaintiff*
Derrick Lee

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

Dated: March 15, 2024                                  JAURIGUE LAW GROUP

                                                       Michael J. Jaurigue
                                                       S. Sean Shahabi
                                                       Osmundo Arguello
                                                       *Attorney for Plaintiff*
                                                       Derrick Lee

15

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Jaurigue (SBN 208123); Osmundo Arguello (SBN 323154)<br>Jaurigue Law Group, 300 W Glenoaks Blvd. Suite 300, Glendale, CA 91202<br><br>TELEPHONE NO.: (818) 630-7280    FAX NO.: (888) 879-1697<br>EMAIL ADDRESS: michael@jlglawyers.com; ozzie@jlglawyers.com<br>ATTORNEY FOR *(Name):* Derrick Lee | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Lee v. Amazon.com Services LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [�★] **Unlimited** [ ] **Limited**<br>(Amount    (Amount<br>demanded  demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI 2401422 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[�★] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [�★] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [�★] monetary b. [�★] nonmonetary; declaratory or injunctive relief c. [�★] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [�★] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 15, 2024
Osmundo Arguello, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CIVIL CASE COVER SHEET

For your protection and privacy, please press the Clear

Electronically FILED by Superior Court of California, County of Riverside on 03/15/2024 03:22 PM
Case Number CVRI2401422 0000087079851 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Michael J. Jaurigue (SBN 208123); Osmundo Arguelo (SBN 323154)<br>Jaurigue Law Group<br>300 W. Glenoaks Blvd. Suite 300<br>Glendale, CA 91202<br>TELEPHONE NO: (818) 630-7280    FAX NO. (Optional): (888) 879-1697<br>E-MAIL ADDRESS (Optional): michael@jlglawyers.com; ozzie@jlglawyers.com<br>ATTORNEY FOR (Name): Derrick Lee | |

| PLAINTIFF/PETITIONER: Derrick Lee | |
|---|---|
| DEFENDANT/RESPONDENT: Amazon.com Services LLC, et al. | CASE NUMBER:<br>CVRI2401422 |

| CERTIFICATE OF COUNSEL |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92223 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  3/15/2024 _____

Osmundo Arguello, Esq. _____          ► _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localforms/localforms.shtml